# In the United States Court of Federal Claims

No. 09-641C
(Filed: August 3, 2010)

```
*************************************
                                    *
GONZALEZ-MCCAULLEY                  *
INVESTMENT GROUP, INC.,             *     RCFC 12(b)(1) lack of subject matter
                                    *     jurisdiction; well-pleaded complaint rule;
              Plaintiff,            *     RCFC 9(k) special pleading requirement;
                                    *     contract implied in fact; bid protest;
       v.                           *     Competition in Contracting Act; Contract
                                    *     Disputes Act; RCFC 15(a) leave to amend
THE UNITED STATES,                  *
                                    *
              Defendant.            *
                                    *
*************************************
```

*Mark S. Schondorf*, Law Offices of Mark Schondorf, APLC, Los Angeles, CA, counsel of record for Plaintiff, with whom was *Scott Mattingly*, Law Offices of Scott Mattingly, Los Angeles, CA.

*Steven A. Abelson*, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., counsel of record for Defendant, with whom were *Tony West*, Assistant Attorney General, *Jeanne E. Davidson*, Director, *Brian M. Simkin*, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C.; of counsel was *Jonathan A. Baker*, Attorney, Office of General Counsel, General Law Division, United States Department of Health and Human Services, Washington, D.C.

---

**OPINION AND ORDER**

---

**DAMICH**, **Judge**

     Plaintiff Gonzalez-McCaulley Investment Group, Inc. ("GMIG") originally filed a complaint alleging breach of contract in the United States District Court for the Central District of California, Western Division. The complaint was then transferred to this court. Defendant United States ("the Government") now moves the court, pursuant to Rule 12(b)(1) of the Rules of the Court of Federal Claims ("RCFC"), to dismiss this action for lack of subject matter jurisdiction on the grounds that Plaintiff has not complied with the pleading requirements of the

RCFC and has not asserted facts necessary to establish jurisdiction.  For the reasons set forth below, the Government's motion to dismiss, although persuasive, is hereby DENIED and Plaintiff is granted leave to file an amended complaint on or before September 3, 2010.  Denial of the motion shall not be construed as precluding the Government from moving anew to dismiss upon review of Plaintiff's amended complaint.

**I.    Background**

Plaintiff GMIG is a California corporation that maintains its principal place of business in California. Compl. ¶ 1.  Plaintiff originally filed a complaint in the U.S. District Court for the Central District of California, Case No. 2:08-cv-08352-VBJ-JC, on December 18, 2008.  The complaint was transferred to this court on September 29, 2009.  Plaintiff filed a transfer complaint on October 27, 2009.  In the complaint, Plaintiff alleges that: 1) it entered into a "contractual agreement" with the United States Department of Health and Human Services ("HHS"); 2) it "performed or had been able to perform" this contract; and 3) the Government breached this contract.  *Id.* ¶¶ 3-5.  Plaintiff's complaint, however, did not provide a copy of the contract or other pertinent details of the agreement.  Plaintiff seeks $400,000 in "general damages" and $500,000 in consequential damages. [1]  *Id.* ¶¶ 6-7.

In lieu of an answer, the Government filed the instant motion to dismiss pursuant to RCFC 12(b)(1) on April 23, 2010.  The Government argues that by failing to provide the court with the substantive provisions of the alleged contract, Plaintiff did not comply with the pleading requirement of RCFC 9(k) and therefore has not filed a well-pleaded complaint.  On May 24, 2010, Plaintiff filed its response to the motion and elaborated somewhat on the factual basis for its claim.  Plaintiff states that it was issued a notice of contract award for the procurement of employee training programs by HHS and replied by sending "confirmation of instructor's ability to perform" to HHS.  Pl.'s Resp. 4.  Plaintiff alleges that this award was issued under the authority of the Government Employee Training Act ("GETA"), citing "5 U.S.C. 4109."[2]  *Id.*  HHS then withdrew this award.  *Id.* at 2.  Plaintiff asserts that, because the award notice was issued and the Government "began to perform" by accepting Plaintiff's confirmation, there was "at the very least" a contract implied in fact between the two parties.  *Id.*

Plaintiff alleges that jurisdiction is proper under 28 U.S.C. § 1491 because the claim is based on a "contractual obligation with the United States."  Compl. ¶ 2.  In its response, Plaintiff

---

[1] Plaintiff also requests a jury trial in this case.  However, "[i]t has long been settled that the Seventh Amendment right to a trial by jury does not apply in actions against the Federal Government."  *Lehman v. Nakshian*, 453 U.S. 156, 160 (1981).  There are thus no jury trials in the Court of Federal Claims, and cases are decided by the judge as the trier of fact.  *Persyn v. United States*, 34 Fed. Cl. 187, 194 (1995).

[2] In its brief, Plaintiff appears to be citing to 5 U.S.C. § 1409, a section that is not part of GETA and that does not exist in the United States Code.  Pl.'s Resp. 4.  Even if Plaintiff intended to cite to 5 U.S.C. § 4109, it is not clear that that this provision of GETA is pertinent to the contract at issue here.  In any event, the citation to GETA is not relevant to the disposition of this motion.

additionally claims that the withdrawal of the award violated the Competition in Contracting Act ("CICA") and that it "intends to allege" a violation of the Contract Disputes Act ("CDA"). Pl.'s Resp. 2, 4. On June 30, 2010, The Government filed its reply addressing these new bases of jurisdiction.

## II.     Standard of Review

Subject matter jurisdiction is a threshold matter which may be challenged at any time by the parties, the court *sua sponte*, or on appeal. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506-508 (2006); *Folden v. United States*, 379 F.3d 1344, 1354 (Fed. Cir. 2004); *Fanning, Phillips & Molnar v. West*, 160 F.3d 717, 720 (Fed. Cir. 1998). When analyzing jurisdiction, the court starts with the complaint, "which must be well-pleaded in that it must state the necessary elements of the plaintiff's claim." *Holley v. United States*, 124 F.3d 1462, 1465 (Fed. Cir. 1997). "A challenge to the Court of Federal Claims' jurisdiction may be overcome on the basis of well-pleaded allegations in the complaint." *Acceptance Ins. Companies, Inc. v. United States*, 503 F.3d 1328, 1334 (Fed. Cir. 2007); *see also Fisher v. United States*, 402 F.3d 1167, 1175 (Fed. Cir. 2005).

In evaluating a motion to dismiss under RCFC 12(b)(1), the court accepts as true all undisputed factual allegations and construe all reasonable inferences in favor of the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *abrogated on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800, 814-15 (1982); *Godwin v. United States*, 338 F.3d 1374, 1377 (Fed. Cir. 2003); *Boyle v. United States*, 200 F.3d 1369, 1372 (Fed. Cir. 2000). The plaintiff, however, bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence. *Knight v. United States*, 65 F. App'x 286, 289 (Fed. Cir. 2003); *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988). If jurisdiction is found to be lacking, the court must dismiss the action. RCFC 12(h)(3).

## III.    Discussion

The jurisdiction of the United States Court of Federal Claims is established by the Tucker Act, 28 U.S.C. § 1491. The Act provides:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1).

The Tucker Act is "a jurisdictional statute and it does not create any substantive right enforceable against the United States for money damages." *United States v. Testan*, 424 U.S.

3

392, 398 (1976). "Therefore, a plaintiff must identify and plead an independent contractual relationship, constitutional provision, federal statute, or executive agency regulation that provides a substantive right to money damages." *Taylor Consultants, Inc. v. United States*, 90 Fed. Cl. 531, 536 (2009) (citing *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (*en banc*) ("in order to come within the jurisdictional reach and the waiver of the Tucker Act, a plaintiff must identify a separate source of substantive law that creates the right to money damages")).

Plaintiff's complaint alleges only that a contract existed between Plaintiff and HHS and that the contract had been breached by the Government. Before Plaintiff's response revealed further details, the Government based its motion to dismiss on Plaintiff's failure to comply with RCFC 9(k). In response, Plaintiff states that its claims for damages are premised on a contract implied in fact with HHS and on CICA and the CDA. The Government, in reply, reiterates its argument that the complaint does not conform to RCFC 9(k) and rebuts any alleged claims under CICA and the CDA. The court will address these issues in turn.

### A.  Plaintiff's Contract Claims

1. Implied in Fact Contract and RCFC 9(k)

Plaintiff's primary basis for jurisdiction appears to be general contract theory. In the complaint, Plaintiff alleges that a "contractual agreement" existed between the two parties and was breached. Compl. ¶ 5. Plaintiff's response characterizes this contract as, "at the very least, implied in fact." Pl.'s Resp. 4. Under the Tucker Act, this court has jurisdiction over claims against the United States based on contracts "either express or implied in fact." *Hercules, Inc. v. United States*, 516 U.S. 417, 423 (1996); *see also Trauma Serv. Group v. United States*, 104 F.3d 1321, 1325 (Fed. Cir. 1997).

Additionally, there are specific requirements that must be pled to allege a contract implied in fact over which this court may exercise jurisdiction:

> To plead a contract claim, whether express or implied, within Tucker Act jurisdiction, a complainant must allege a mutual intent to contract including an offer, an acceptance, consideration and facts sufficient to establish that the contract was entered into with an authorized agent of the United States who had 'actual authority to bind the United States.'

*Lion Raisins, Inc. v. United States*, 54 Fed. Cl. 427, 431 (2002) (quoting *Trauma Serv. Group*, 104 F.3d at 1325). In the present case, Plaintiff states only that it was issued an award notice and that acceptance occurred when the Government received Plaintiff's confirmation of instructor availability. Pl.'s Resp. 4. No other information regarding how the parties entered into the contract has been offered thus far, nor has a copy of the award notice or of Plaintiff's confirmation of instructor availability been presented.

4

Furthermore, the Government argues that the complaint should be dismissed for failing to meet the pleading requirements set forth in the rules of this court. The Government moves to dismiss based on Plaintiff's failure to comply with RCFC 9(k) (formerly RCFC 9(h)(3)), which delineates a special pleading requirement for contract claims:

> In pleading a claim founded on a contract or treaty, a party must identify the substantive provisions of the contract or treaty on which the party relies. In lieu of a description, the party may annex to the complaint a copy of the contract or treaty, indicating the relevant provisions.

Plaintiff's complaint provides no description of "substantive provisions" and does not allege any facts as to the subject matter of the contract, when it was entered into, or how it was agreed upon. Plaintiff responds to the Governments RCFC 9(k) argument with new but vague information about the contract, characterizing it as a contract implied in fact and averring that plaintiffs are not required to attach a copy of the contract in order for the complaint to be well-pleaded. Pl.'s Resp. 3-4.

Although Plaintiff is correct that attaching a copy of the contract at issue is an option provided by RCFC 9(k) but not a requirement, the rule does require that the "substantive provisions" of the contract be presented to the court in the complaint. Implied in fact contracts are not excluded from this rule.[3] If a plaintiff fails to comply with RCFC 9(k) and alleges facts insufficient to show a contract with the United States, the court lacks jurisdiction to hear plaintiff's contract claim. *Mendez-Cardenas v. United States*, 88 Fed. Cl. 162, 168 (2009); *Phang v. United States*, 87 Fed. Cl. 321, 330 (2009). As stated by this Court in *Garreaux v. United States*, 77 Fed. Cl. 726, 730 (2007), "there is a minimum burden for Plaintiff, in asserting a breach of contract claim, to explicitly identify the provisions and terms of the contract that have been breached." The rationale for this burden plainly and simply is that, "[i]n order for the court to render a decision on a breach of contract claim, it must know the relevant terms of the contract." *Id.* Plaintiff's sparse complaint does not even meet this "minimum burden." Without a well-pled complaint that conforms to the RCFC and alleges the basic requirements of an implied in fact contract, Plaintiff's complaint fails to establish jurisdiction.

---

[3] The pleading requirements of RCFC 9(k) and its predecessor RCFC 9(h)(3) do not apply when the claim is brought under the CDA and is founded on an agency decision. If plaintiffs request the court's review of an agency decision regarding a contract, special pleading rule RCFC 9(o) (formerly 9(h)(1)) applies: "In relying on an action by another tribunal or body, a party must describe the action taken on the claim by Congress, *a department or agency of the United States*, or another court." (emphasis added). See *ATK Thiokol, Inc. v. United States*, 76 Fed. Cl. 654, 664 (2007); *Info. Sys. & Networks Corp. v. United States,* 64 Fed. Cl. 599, 603 (2005). As Plaintiff here has specifically identified a "contractual obligation" as the source for the claim, RCFC 9(k) applies. Compl. ¶ 2. Plaintiff's prospective claim under the CDA is addressed, infra.

  2. Bid Protest/CICA Claim

  Plaintiff's response identifies the court's bid protest jurisdiction as another basis of jurisdiction, but neither the complaint nor the response allege a violation of a particular provision of CICA or the Federal Acquisition Regulation ("FAR").  Pl.'s Resp. 1, 3.  Plaintiff does cite 41 U.S.C. § 253, which is a provision of CICA, but has incorrectly cited this section as the Contract Disputes Act.  *Id.* at 4.  Section 253 sets forth "competition requirements" and describes the general organization of competitive procedures for procurements.  Beyond these mentions of CICA and the court's jurisdiction over procurements, however, Plaintiff does not characterize its claim as a bid protest.  Despite this paucity of information, the court will address Plaintiff's possible claim in this regard.

  Contracts for the procurement of services are often governed by CICA, Pub. L. No. 98-369, tit. VII, §§ 2701-2753, 98 Stat. 1175 (codified at various sections of the United States Code).  This court may hear claims contesting the award of these services and alleging violations of CICA under 28 U.S.C. § 1491(b)(1).  28 U.S.C. § 1491(b)(1) provides that the court "shall have jurisdiction to render judgment on an action by an interested party objecting to . . . any alleged violation of statute or regulation in connection with a procurement or proposed procurement."  However, Plaintiff makes no allegation contesting the award of the contract to another business or the failure to award a contract.  Instead, Plaintiff claims the contract was "breached" and that this action was a violation of CICA "in connection with" a procurement.  Compl. ¶ 5; Pl.'s Resp. 3.

  The court's bid protest jurisdiction does not extend to matters of breach or "pure contract disputes."  *Frazier v. United States*, 79 Fed. Cl. 148, 157 (2007).  When a plaintiff's claim involves a breach of a contract with the Government before the expiration of the contract, the court cannot hear the claim *as a bid protest* because "28 U.S.C. § 1491(b) provides no jurisdiction for claims of wrongful termination or breach."  *The Ravens Group v. United States*, 78 Fed. Cl. 390, 398 (2007); *see also Data Monitor Systems, Inc. v. United States*, 74 Fed. Cl. 66, 71 (2006) ("As an initial matter, defendant is correct in asserting that the court lacks jurisdiction to enjoin the . . . termination of [plaintiff's] contract."); *Davis/HRGM Joint Venture v. United States*, 50 Fed. Cl. 539, 544 (2001) (stating that an awardee's challenge to a termination "does not fall within the express language of § 1491(b) because it does not relate to an interested party's objection to a solicitation, a proposed award or an award"); *Griffy's Landscape Maint. LLC v. United States*, 51 Fed. Cl. 667, 673 (2001) (holding that a contract awardee may not challenge termination of a contract as a bid protest).

  Both this court and the Federal Circuit have made clear that claims relating to breach, termination, and overall contract management must be brought under the CDA.  *Dalton v. Sherwood Van Lines*, 50 F.3d 1014, 1017 (Fed. Cir. 1995) ("When the Contract Disputes Act applies, it provides the exclusive mechanism for dispute resolution"); *Gov't Technical Servs. LLC v. United States*, 90 Fed. Cl. 522, 527 (2009) ("The Federal Circuit has made it crystal clear that the CDA is the 'exclusive mechanism' for the resolution of disputes arising . . . in contract management."); *The Ravens Group*, 78 Fed. Cl. at 390 ("Claims for breach must be brought pursuant to the Contract Disputes Act"); *Data Monitor Systems*, 74 Fed. Cl. at 71 ("such a challenge [to the termination of a contract] may only be brought under the CDA").  As Plaintiff

here alleges only a breach of the contract by HHS, 28 U.S.C. §1491(b)(1) does not grant jurisdiction over Plaintiff's claim.

### 3. CDA Claim

In the complaint, Plaintiff does not identify the CDA as a source for this court's jurisdiction. Plaintiff's response to the motion to dismiss, however, states that Plaintiff "intends to allege a violation by the U.S. Department of Health and Human Services of the Contracts Dispute Act (41 U.S.C. 253) [sic]." Pl.'s Resp. 4. As previously noted, Plaintiff's citation refers to a provision of CICA and not the CDA.

The CDA is codified at 41 U.S.C. § 601 *et. seq.* and the Act "applies to any express or implied contract . . . entered into by an executive agency for . . . [among other things] the procurement of services . . . ." 41 U.S.C. § 602(a). As Plaintiff has stated that the contract awarded by HHS was for the provision of training programs for federal employees pursuant to GETA, the contract would appear to be for services and therefore governed by the CDA. It is well-established, however, that the dispute resolution process described in the CDA must be completed before this court has jurisdiction. If a contractor has a dispute with the Government relating to the contract, the contractor must submit a written claim to the contracting officer within six years of the accrual of the claim. 41 U.S.C. § 605(a). The contracting officer will issue a written decision regarding the claim within certain time limitations. 41 U.S.C. § 605(a)-(c). If the contracting officer does not issue a decision on the contractor's claim "within the period required," the claim will be deemed denied. 41 U.S.C. § 605(c)(5). The contractor may then appeal the decision of the contracting officer or the deemed denial to the agency's board of contract appeals or to the U.S. Court of Federal Claims. 41 U.S.C. §§ 606, 609(a).

The Federal Circuit has stated that a contracting officer's action is a "jurisdictional prerequisite" to filing an appeal with this court. *Sharman Co. v. United States*, 2 F.3d 1564, 1569 n.6 (Fed. Cir. 1993), *overruled on other grounds by Reflectone, Inc. v. Dalton*, 60 F.3d 1572 (Fed. Cir. 1995) (*en banc*)); *see also England v. The Swanson Group*, 353 F.3d 1375, 1379 (Fed. Cir. 2004). Plaintiff alleges no facts regarding any interaction with a contracting officer, a deemed denial, or the issuance of a final decision relating to its contract. Plaintiff has therefore not met the jurisdictional prerequisite for a claim based on a violation of the CDA.

### B. Leave to Amend

Although it has made no formal motion for leave to amend, Plaintiff offers to amend its complaint to "allege a more definite statement in connection with RCFC 9(k)" in lieu of the court's grant of the Government's motion to dismiss. Pl.'s Resp. 5. Plaintiff argues that because this court is the only court where Plaintiff's claims can be heard and because "[f]ederal [p]olicy strongly favors the determination of cases on their merits," it should be able to amend its complaint. *Id.* at 2, 5. In support, Plaintiff cites to RCFC 15(a), which states that "a party may amend its pleading only with the opposing party's written consent or the court's leave" and that "[t]he court should freely give leave when justice so requires." The Government responds that the court should not allow Plaintiff to amend the complaint because the complaint does not

comply with the RCFC. The Government argues that the court should dismiss under RCFC 41(b), which provides: "[i]f the plaintiff fails to prosecute or *to comply with these rules* or a court order, the court may dismiss on its own motion . . . ." (emphasis added). The Government also notes that in previous cases involving a failure to comply with RCFC 9(k), the court has chosen to dismiss without granting leave for amendment. *See Garreaux*, 77 Fed. Cl. at 737; *Lion Raisins*, 54 Fed. Cl. at 435.

A decision to grant or deny leave to amend "is within the sound discretion of the court" and is guided by RCFC 15(a). *Taylor Consultants*, 90 Fed. Cl. at 546. RCFC 15(a) is based on Rule 15(a) of the Federal Rules of Civil Procedure ("FRCP").[4] In interpreting FRCP 15(a), the Supreme Court stated that the rule's requirement that a court grant leave to amend "freely" is a "mandate . . . to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962). To assist lower courts, the Supreme Court in *Foman* suggested five circumstances in which granting a motion for leave to amend would not be appropriate: 1) undue delay, 2) bad faith or dilatory motive on the part of the movant, 3) repeated failure to cure deficiencies by amendments previously allowed, 4) undue prejudice to the opposing party by virtue of allowance of the amendment, or 5) futility of amendment. *Id.*

The Government, however, does not argue, much less demonstrate, that any of these circumstances apply here. While RCFC 41(b) permits the court to dismiss a complaint that does not comply with the RCFC, the rule does not command that plaintiffs be denied the opportunity to amend. Because leave to amend is to be granted "freely," Plaintiff will be given the opportunity to amend to comply with RCFC 9(k) and provide the court with further facts regarding the contract.

## IV.   Conclusion

For the reasons set forth above, the Government's instant motion to dismiss pursuant to RCFC 12(b)(1) is DENIED and Plaintiff is given leave to file an amended complaint on or before September 3, 2010. If Plaintiff chooses to amend the complaint, it is advised to address the bases of jurisdiction and the requirements for establishing jurisdiction set out in the foregoing discussion. At a minimum, the amended complaint should address: 1) the substantive provisions of the contract, required by RCFC 9(k), and the elements of a contract implied in fact with the Government; 2) any violation of a specific provision of CICA; and 3) whether Plaintiff is alleging a CDA claim and, if so, whether it has complied with the CDA dispute resolution process. Compliance with these suggestions will not preclude Defendant from moving anew to dismiss upon review of the amended complaint.

---

[4] The court's analysis is guided by case law interpreting FRCP 15. *See* 2002 Rules Committee Note, Rules of the United States Court of Federal Claims 1 ("interpretation of the court's rules will be guided by the case law and the Advisory Committee Notes that accompany the Federal Rules of Civil Procedure").

s/ Edward J. Damich  
EDWARD J. DAMICH  
Judge
