# In the United States Court of Federal Claims

No. 09-641 C
(Filed: January 5, 2011)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  |  |
|---|---|
| **GONZALEZ-MCCAULLEY,** | \* |
| **INVESTMENT GROUP, INC.,** | \* |
| Plaintiff, | \* |
| v. | \* |
| **THE UNITED STATES,** | \* |
| Defendant. | \* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## ORDER

On January 3, 2011, Defendant filed a motion to dismiss Plaintiff's Amended Complaint, pursuant to Rule 12(b)(1) of the Rules of the Court of Federal Claims (RCFC), for lack of subject matter jurisdiction. Specifically, Defendant noted that Plaintiff had failed to comply with the provisions of the Contract Disputes Act (CDA) first requiring the submission of a certified claim, for claims exceeding $100,000, to the contracting officer *and* the obtaining of a denial or deemed denial of that claim. *See* 41 U.S.C. § 605(a). Although the cause of action in this matter reaches back to the summer of 2007, Plaintiff did not submit its certified claim until December 31, 2010. The agency, the United States Department of Health and Human Services (HHS), has not acted on the claim.

In a telephonic status conference held with the parties today, Plaintiff essentially conceded the jurisdictional requirement of the CDA in this respect, but requested that further briefing on the motion to dismiss be stayed until HSS decides on the certified claim. If the court, however, lacks jurisdiction under the CDA at this point, it would be anomalous and beyond its authority to stay briefing on this motion to dismiss until such time as jurisdiction may be obtained in the future.

The court does indeed find that it lacks jurisdiction, *see Witherington Constr. Corp. v. United States*, 45 Fed. Cl. 208, 211 (1999), and therefore must GRANT Defendant's motion.

The Clerk of Court is hereby directed to dismiss Plaintiff's complaint without prejudice. If HSS ultimately denies Plaintiff's claim, then Plaintiff may seek to re-file its action in this court and the Clerk shall assign the complaint to the undersigned.

s/ Edward J. Damich
EDWARD J. DAMICH
Judge